■ County of Rockland, Respondent, v Civil Service Employees Association, Inc., Appellant, et al., Defendants.—In an action, *inter alia,* to enjoin defendants from engaging in a strike, the defendant Civil Service Employees Association, Inc., appeals from an order of the Supreme Court, Rockland County, entered March 28, 1978, which denied its motion to vacate an "Order to Show Cause for Criminal Contempt", dated January 4, 1978, upon the ground that the affidavits and exhibits in support thereof were insufficient as a matter of law to warrant the issuance of the order to show cause for criminal contempt as against the said defendant. Order affirmed, with $50 costs and disbursements. The Civil Service Employees Association, Inc. (CSEA, Inc.) is liable for the actions of the Rockland County Unit on an agency theory. The following factors clearly establish a parent-agent relationship: All clauses in the model local constitution are mandated for use by units of the locals of CSEA, Inc.; a local may be placed in trusteeship for any of the reasons enumerated in the said constitution; CSEA, Inc., must approve funds appropriated by the local for contributions to any other organization; members pay dues directly to CSEA, Inc., which then refunds a portion of such dues to the local only if the local complies with the provisions of the mandated model local constitution; CSEA, Inc., may expel members of *locals* for nonpayment of dues; CSEA, Inc., may discipline officers or members of a local for conduct detrimental to its best interests; the model local and unit constitutions *mandated* by CSEA, Inc., specify the number of officers and their respective duties; audits of units' books must be sent to the State association; and CSEA, Inc., has the right to inspect all records of the locals. In view of the overwhelming control

exercised by CSEA, Inc., over the Rockland County local, it is impossible to absolve the former of the responsibility for the acts of the latter. Accordingly, Special Term properly denied the motion of CSEA, Inc., to vacate the "Order to Show Cause for Criminal Contempt". Mangano, J. P., Gibbons, Rabin and O'Connor, JJ., concur.